UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

METROPOLITAN LIFE INSURANCE )
COMPANY, )
 )
        Plaintiff, )
 )
   vs. ) No. 4:07-CV-1338 (CEJ)
 )
BANCORP SERVICES, L.L.C., )
 )
        Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Bancorp Services, L.L.C. (Bancorp) to dismiss, transfer, or stay. Plaintiff Metropolitan Life Insurance Company (MetLife) opposes the motion and the issues are fully briefed.

**I.   Background**

Bancorp is the holder of United States Patent No. 7,249,037 (the '037 patent), which was issued on July 24, 2007. On the day of issuance, Bancorp filed an infringement action against MetLife in the Eastern District of Texas. <u>Bancorp Servs., LLC v. Metropolitan Life Ins. Co.</u>, No. 2:07-CV-306 (TJW). The following day, MetLife filed the instant declaratory judgment action in this district. Bancorp asks the Court to apply the "first to file" rule to dismiss, transfer, or stay this action in deference to its infringement case in Texas.[1]

---

[1] MetLife has filed a parallel motion in the Texas action.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The '037 patent is the "parent" to Patent No. 5,926,792 (the '792 patent), also held by Bancorp.[2] Both patents involve a "[m]ethod and system to track, reconcile and administer the values of life insurance policies in separate accounts, including Stable Value protected funds." The '792 patent, which was issued in 1999, has been the subject of multiple lawsuits before this Court: Bancorp Servs., LLC v. Hartford Life Ins. Co., No. 4:00-CV-70 (CEJ) (Hartford);[3] Metropolitan Life Ins. Co. v. Bancorp Servs., LLC, No. 4:00-CV-1927 (CEJ) (MetLife I);[4] and Bancorp Servs., LLC v. Sun Life Assurance Co. of Canada (U.S.), No. 4:00-CV-1073 (CEJ) (Sun Life). The Hartford case was ultimately settled by the parties; Sun Life awaits claims construction; and, as relevant to the present dispute, on February 6, 2007, the Court ruled that MetLife

---

[2]According to MetLife, the '792 patent issued from a continuation of the application that led to '037 patent, making this later patent the parent of the earlier one.

[3]Bancorp filed a suit for infringement of the '792 patent against Hartford Life in this district on January 14, 2000. Bancorp Servs., LLC v. Hartford Life Ins. Co., No. 4:00-CV-70 (CEJ). On March 9, 2000, Hartford Life Insurance Company filed a declaratory judgment action in the Southern District of New York. Hartford Life Ins. Co. v. Bancorp Servs., LLC, No. 4:00-CV-1903 (RMB). On July 27, 2000, U.S. District Judge Richard M. Berman granted Bancorp's motion to transfer the case to this district, where it was assigned case number 4:00-CV-1266 (CEJ) and was consolidated with the lower-numbered case.

[4]MetLife filed a declaratory judgment action against Bancorp in the Southern District of New York on February 14, 2000. Metropolitan Life Ins. Co. v. Bancorp Servs., LLC, No. 4:00-CV-1082 (RMB). That case was transferred to this district on Bancorp's motion and was assigned No. 4:00-CV-1927 (RWS). Bancorp then requested a transfer to the undersigned judge, which was granted on December 19, 2000. On July 13, 2004, Bancorp brought an infringement action against MetLife in this district, Bancorp Servs., LLC v. Metropolitan Life Ins. Co., No. 4:04-CV-869 (CEJ), which was consolidated with the lower-numbered MetLife case.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

did not infringe the '792 patent and entered summary judgment in MetLife's favor.  That judgment is presently on appeal before the Federal Circuit Court of Appeals.

**II. Discussion**

The well-established rule is that in cases of concurrent jurisdiction, "the first court in which jurisdiction attaches has priority to consider the case."  Northwest Airlines v. American Airlines, 989 F.2d 1002, 1005 (8th Cir. 1993) quoting Orthmann v. Apple River Campground Inc., 765 F.2d 119, 121 (8th Cir. 1985).  This first-filed rule "is not intended to be rigid, mechanical, or inflexible," but is to be applied in a manner best serving the interests of justice.  Id.  The prevailing standard is that "in the absence of compelling circumstances," the first-filed rule should apply.  Id., quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982).  However, considerations of judicial and litigant economy, and the just and effective disposition of suits may take precedence over the first-filed rule.  Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed. Cir. 1993), abrogated in part on other grounds, Wilton v. Seven Falls Co., 515 U.S. 277 (1995).  Among the factors to be considered are the convenience and availability of witnesses, absence of jurisdiction over all necessary or desirable parties, and the possibility of consolidation with related litigation.  Id. at 938.  Additionally, departure from the first-filed rule may be justified "where forum shopping alone motivated the choice of situs for the first suit."  William Gluckin & Co. v. International
-3-

Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969); see also Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989) (same).

In the course of litigation involving the '792 patent, this Court has: held a Markman hearing, see Hartford, Doc. #190; ruled that the '792 patent was invalid for indefiniteness, Hartford Doc. #255; been reversed by the Federal Circuit on the question of patent validity, see Bancorp Servs., LLC v. Hartford Life Ins. Co., 359 F.3d 1367 (Fed. Cir. 2004); considered multiple discovery motions, see, e.g., Sun Life Docs. #90, #118, #131, #141, and #226, protective orders, see, e.g., Sun Life Docs. #46, #95, #148, and #168, and a motion to intervene, Sun Life Doc. #146; and ruled on a motion to bifurcate discovery and trial, Sun Life Doc. #107. More significantly, this Court has already examined multiple documents related to MetLife's administration of its COLI and BOLI policies and concluded that MetLife does not breach the '792 patent. See MetLife I Docs. ## 199, 207.

Given the history of litigation to date, considerations of judicial economy support maintaining the present action here in this district. And, in the event that the Federal Circuit reverses this Court's summary judgment ruling in MetLife I, the parties will have parallel litigation proceeding in two districts. Furthermore, convenience and witness availability favor this district over the Eastern District of Texas: Bancorp's principal place of business, its employees, the named inventors, and the relevant documents are all located within this district; MetLife does not have a significant presence in Texas. Jurisdiction over the parties is

-4-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

available in both districts and thus is not a consideration.  The Court concludes that the presumption in favor of the first-filed action is outweighed by other significant considerations.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Bancorp to dismiss, transfer, or stay [Doc. #11] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2007.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com